IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

BYRON SCOTT and ROBERT JACKSON,    )
individuals and on behalf          )
of themselves and all              )
others similarly situated,         )
                                   )
            Plaintiffs,             )
                                   )
      v.                            )        Case No.13-2243-RDR
                                   )
UTILITY PARTNERS OF AMERICA,LLC;   )
SYSTEM ONE HOLDINGS, LLC           )
                                   )
            Defendants.             )

<u>**MEMORANDUM AND ORDER**</u>

Byron Scott and Robert Jackson bring suit on behalf of themselves and others similarly situated against Utility Partners of America, LLC (UPA) and System One Holdings, LLC (System One) for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* This matter is presently before the court upon plaintiffs' motion for conditional certification of class claims under § 216(b) of the FLSA. For the reasons stated below, the court grants the motion and approves the plaintiffs' proposed notice with the modifications discussed below.

I.

In Count 1 of their complaint, plaintiffs assert a collective claim under § 216(b) of the FLSA for straight time and overtime compensation on behalf of all hourly laborers who have worked for defendants. In the alternative, plaintiffs assert

claims under the Kansas Wage Payment Act, K.S.A. § 44-313 *et seq.* (Count 2), breach of contract (Count 3), and quantum meruit (Count 4).   In the instant motion, plaintiffs seek only conditional class certification under the FLSA.   They do not seek certification under Fed.R.Civ.P. 23 on the claims asserted in Counts 2, 3 and 4.

Scott was employed by System One and assigned to work for UPA from on or about October 14, 2011 through on or about December 31, 2011.   Scott was employed by UPA from on or about January 1, 2012 through on or about March 13, 2013.   Jackson was employed by UPA from on or about February 27, 2012 through on or about October 18, 2012.   Plaintiffs performed work at and around 6742 Riverview Avenue in Kansas City, Kansas.   Plaintiffs were employed to perform work for the installation of water meters for the Kansas Board of Public Utilities (referred to as the "Kansas City Project").   Scott installed water meters and Jackson provided electrical work for the water meters.

Plaintiffs seek to represent a class composed of water meter installers and electrical workers who were employed by UPA and System One and performed work on the Kansas City Project from August 1, 2011 through June 30, 2013, and were not paid for all straight time and/or overtime premiums for all hours worked

in excess of forty in a workweek.[1]

## II.

Under 29 U.S.C. § 216(b), plaintiffs seek conditional certification of a collective action for the purpose of providing notice to putative class members. Section 216(b) provides in part that "[a]n action. . .may be maintained against an employer. . .by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). This provision provides the exclusive procedural mechanism for class certification in actions under the FLSA. Brown v. Money Tree Mortgage, Inc., 222 F.R.D. 676, 679 (D.Kan. 2004). Though the FLSA does not define the phrase "similarly situated," the Tenth Circuit has approved an ad hoc approach by which the court determines on a case-by-case basis whether the members of the putative class are similarly situated. See Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1105 (10th Cir. 2001). Under this approach, the court engages in a two-step process. First, the court makes an initial "notice stage" determination which requires nothing more than

---

[1] Plaintiffs originally sought to certify a class of employees who were employed by the defendants from August 1, 2011 through the present. In response to defendants' contention that the Kansas City Project ended in June 2013, plaintiffs conceded that the time period for their putative class should end on June 30, 2013. Based upon the information provided by the parties, the court agrees and shall consider this class as the one that plaintiffs seek to certify.

substantial allegations that the putative class members were together the victims of a single decision, policy or plan. Id. at 1102 (quoting Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 678 (D.Colo. 1997)).  By this determination, the court decides whether a collective action should be certified for purposes of sending notice of the action to potential class members. Brown, 222 F.R.D. at 679. This initial step creates a lenient standard which typically results in conditional certification of a representative class. Gieseke v. First Horizon Home Loan Corp., 408 F.Supp.2d 1164, 1166 (D.Kan. 2006)(citing Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1214 (5th Cir. 1995)).  Under the second step, initiated at the close of discovery, the court utilizes a stricter standard which requires evaluation of several factors, including: (1) disparate factual and employment settings of individual plaintiffs; (2) the various defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. Thiessen, 267 F.3d at 1102-03.

III.

The defendants contend that plaintiffs have not demonstrated that they are similarly situated because (1) they had two different employers; and (2) they performed different work.  The defendants also argue that the plaintiffs' allegations

4

in their amended complaint and motion are inconsistent with the declarations attached to the plaintiffs' motion.  They point out that while the amended complaint and motion allege that plaintiffs were consistently required to perform work "off the clock" and plaintiffs never received a 30-minute lunch break, plaintiffs' declarations allege that on certain occasions, plaintiffs were required to perform work "off the clock" and did not have time in their schedule for a 30-minute lunch break.

The court is not persuaded by the defendants' contentions that plaintiffs have failed to demonstrate that they are similarly situated to themselves and other potential class members.  At this point, the burden on the plaintiffs is light. The court finds that plaintiffs have satisfied their burden of alleging that the putative class members were together victims of a single decision, policy or plan. Although each plaintiff held a different position, plaintiffs' allegations that their positions were similar and that defendants engaged in a a pattern or practice of not paying straight time and/or overtime is sufficient to allege that plaintiffs were victims of a single decision, policy or plan. *See, e.g.,* Hadley v. Wintrust Mortgage Corp., 2011 WL 4600623 at *2 (D.Kan. Oct. 3, 2011)(putative class of underwriters was sufficient as conditional class under FLSA even though several types of

underwriters had different job duties and responsibilities), vacated by settlement, 2011 WL 8177791 (D.Kan. Nov. 4, 2011). In addition, the court does not believe that conditional class certification should be denied as suggested by the defendants because there were two employers here. Plaintiffs have argued the facts show that the defendants were joint employers under the FLSA. Again, at this point, plaintiffs have adequately alleged a conditional class under the FLSA.

IV.

The court shall now consider the various objections made by the defendants to the proposed notice in this case. The defendants have argued that the proposed notice should include the following: (1) the obligations of the class members if they join the class; and (2) the possibility that they may be required to pay costs if plaintiffs do not prevail. The defendants further assert the proposed notice should set a reasonable deadline by which putative class members must respond. The defendants also contend the notice should only be sent to individuals that performed work for the Kansas City Project. Finally, the defendants argue there is no need for posting the notice at its locations in addition to mailing the notice to class members.

Plaintiffs are agreeable to the objections raised by the

defendants concerning the language of the notice related to the obligations of the putative class members. They also are agreeable to simply providing notice to the putative class members by e-mail and United States mail. They no longer seek distribution of the notice by posting it at the defendants' locations. Accordingly, the court shall direct that the notice be amended to include these matters.

Plaintiffs do disagree with the defendants' contention that the notice should include language that the putative class members may be required to pay costs if plaintiffs do not prevail. The court believes such language in the notice is appropriate. *See* Hadley, 2011 WL 4600623 at *4; Cretin-Miller v. Westlake Hardware, Inc., 2009 WL 2058734 at * 4 (D.Kan. July 15, 2009).

Plaintiffs have failed to respond to the defendants' objection that the proposed notice fails to set a deadline. The court agrees that such a deadline is appropriate. A sixty day deadline should be included in the notice.

Plaintiffs should make the necessary revisions in the notice and allow defense counsel to examine it before it is sent to the putative class members. Any further objections that cannot be resolved by the parties can be provided to the court for review.

Finally, the court notes that the plaintiffs have requested that the defendants should provide the names, addresses and telephone numbers of the putative class members to assist with the issuance of the notice.   The defendants have made no objection to this request.   As a result, the court directs the defendants to produce the names, addresses and telephone numbers of the putative class to plaintiffs in an easily malleable format such as Microsoft Excel within thirty (30) days of the date of this memorandum and order.

IT IS THEREFORE ORDERED that plaintiffs' motion for conditional class certification of class claims under § 216(b) of the FLSA (Doc. # 45) be hereby granted as set forth above.

IT IS FURTHER ORDERED that plaintiffs' notice to putative class members be amended as set forth above within fourteen (14) days of the date of this order.   The amended notice should be sent to the defendants' counsel for review and the parties should attempt to resolve any differences concerning the amended notice.

IT IS FURTHER ORDERED that defendants are ordered to provide plaintiffs with the names, addresses and telephone numbers of the putative class members in an easily malleable format such as Microsoft Excel within thirty (30) days of the date of this order.

IT IS FURTHER ORDERED that Byron Scott and Robert Jackson are hereby designated class representatives and their counsel, Phillip M. Murphy, II, be hereby designated class counsel.

**IT IS SO ORDERED.**

Dated this 12th day of September, 2014, at Topeka, Kansas.

s/RICHARD D. ROGERS
Richard D. Rogers
United States District Judge

9