IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BYRON SCOTT, et al., ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 13-2243-KHV |
| ) | |
| UTILITY PARTNERS OF AMERICA, LLC, et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Byron Scott and Robert Jackson bring putative class claims for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-313 et seq., breach of contract and quantum meruit. See Plaintiffs' Second Amended Complaint (Doc. #67) filed April 16, 2015. This matter is before the Court on the Renewed Unopposed Motion Of Rule 216(b) Plaintiffs For Leave To Be Joined In As Named Plaintiffs And Memorandum In Support Thereof (Doc. #105) and the parties' Second Joint Motion To Approve FLSA Settlement Agreement (Doc. #106), both filed May 16, 2016. For reasons stated below, the Court sustains both motions.

**Factual Background**

On May 22, 2013, plaintiffs filed suit. See Complaint (Doc. #1). On May 30, 2014, plaintiffs filed a motion for conditional certification of claims under the FLSA. See Plaintiffs' Motion For Conditional Certification Of Class Claims Under § 216(b) Of The FLSA (Doc. #45).[1]

---

[1] Plaintiffs sought to certify a collective action only under the FLSA; they specifically did not ask the Court to certify their claims for violation of the KWPA, breach of contract or quantum meruit. See Plaintiffs' Memorandum In Support Of Plaintiffs' Motion For Conditional Certification Of Class Claims Under § 216(b) Of The FLSA (Doc. #46) filed May 30, 2014 at 1-2.

On September 12, 2014, the Court conditionally certified a collective action on the FLSA claims. See Memorandum And Order (Doc. #56) at 1-6.

On December 22, 2014, plaintiffs sent notice of the collective action to all parties whose names and addresses were known at the time. See Certificate Of Service (Doc. #57) filed January 4, 2015. The notice informed potential class members that they must opt in to join the class and that if they did nothing, they would not share in any money or benefits that might be awarded in the case. See Exhibit 1 to Certificate Of Service (Doc. #57). Before plaintiffs' counsel sent written notice of the lawsuit, Robert Jenkins, Shelly McCullough, Rick McClanahan, Wayne Frazier, David Kimball, Scott Alan Cowan, Carlton Brackett, Duston Murdock and Jason Todd opted to join the suit. Based on the class notice, Jonathan McBratney and Clayton Schratter also opted to join the suit. A twelfth individual, Adrian Lopez, initially asked to opt in, but later advised plaintiffs' counsel that he no longer wished to participate. The parties agreed that "although [] Lopez may be removed from this matter as a plaintiff, [he] will retain all rights to claims he may have in this lawsuit, if any, as an opt-in plaintiff." Unopposed Motion & Memorandum In Support Of Plaintiff Adrian Lopez's Dismissal As A Plaintiff (Doc. #54) filed August 18, 2014 at 1; see Order (Doc. #55) filed September 9, 2014 (Lopez shall be dismissed as plaintiff but shall retain all rights he may have as opt-in plaintiff).

On November 11, 2015, the parties mediated the case and reached a settlement. See ADR Report (Doc. #93) filed December 4, 2015. On May 4, 2016, the Court overruled the Unopposed Motion Of Rule 216(b) Plaintiffs For Leave To Be Joined In As Named Plaintiffs (Doc. #98) filed February 4, 2016 and the Joint Motion To Approve FLSA Settlement Agreement (Doc. #99) filed February 8, 2016. The Court overruled plaintiffs' motions because the motions had not explained

why Lopez, who appeared to be an opt-in plaintiff and had a right to share in the proposed settlement funds, was not included in the settlement. See Order (Doc. #104) filed May 4, 2016. In the present motions, plaintiffs clarify that on multiple occasions, counsel has explained to Lopez his rights. Plaintiffs reiterate that Lopez does not want to further participate in this ligation. Memorandum In Support Of Joint Motion To Approve Settlement Agreement (Doc. #107) at 5; Renewed Unopposed Motion Of Rule 216(b) Plaintiffs For Leave To Be Joined In As Named Plaintiffs And Memorandum In Support Thereof (Doc. #105) at 2; Affidavit Of Phillip M. Murphy II (Doc. #105-1) filed May 16, 2016, ¶¶ 1-25.

## Analysis

### I. Unopposed Motion To Join Individuals As Named Plaintiffs

All plaintiffs who have joined in this suit have been active participants in the case. In addition, all named plaintiffs and opt-in plaintiffs have signed the settlement agreement and release.[2] For substantially the reasons stated in the Renewed Unopposed Motion Of Rule 216(b) Plaintiffs For Leave To Be Joined In As Named Plaintiffs And Memorandum In Support Thereof (Doc. #105), the Court sustains plaintiffs' motion to join the opt-in individuals as named plaintiffs.

### II. Joint Motion To Approve Settlement

When employees file suit against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination of whether the settlement is fair and reasonable. McCaffrey v. Mortg. Sources, Corp., No. 08-2660-KHV, 2011 WL 32436, at *2 (D. Kan. Jan. 5, 2011); see Lynn's Food Stores v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). To approve an FLSA settlement, the Court must find that

---

[2]   As explained, Lopez no longer wishes to participate in the litigation.

(1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned and (3) the proposed settlement contains an award of reasonable attorney fees. See McCaffrey, 2011 WL 32436, at *2; Lynn's Food Stores, 679 F.2d at 1354.

### A.     Bona Fide Dispute

To show a bona fide dispute, the parties ordinarily provide the following information: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employee; (3) the employer's reasons for disputing the employee's right to the disputed compensation; (4) the employee's justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage. McCaffrey, 2011 WL 32436, at *2.

The parties have demonstrated a bona fide dispute. From 2011 to 2013, plaintiffs worked for defendants as water meter installers and electric meter installers. The parties dispute whether plaintiffs had to work unpaid time before and after their shifts and whether defendants required them to work through their lunch break without pay. Plaintiffs assert that each day, defendants failed to pay them for loading and unloading their work vans (some 15 to 30 minutes before and after each shift) and required them to work through lunch without pay (30 minutes). Defendants claim that they accurately accounted for plaintiffs' time and that they do not owe plaintiffs additional wages. The parties also dispute whether plaintiffs were entitled to a higher prevailing wage for the work. Plaintiffs assert that defendants owe the difference between the higher prevailing wage and the wages that they received. Defendants claim that they paid plaintiffs the prevailing wage.

Based on this record, the Court finds that the parties have a bona fide dispute.

B.     Fair And Reasonable

To be fair and reasonable, an FLSA settlement must be reasonable to the employee and must not frustrate the policies embodied in the FLSA. When determining the reasonableness of a settlement to the employee, the framework for evaluating the fairness of a class action settlement is instructive. McCaffrey, 2011 WL 32436, at *2. The Tenth Circuit considers the following factors when deciding whether to approve a class action settlement under Rule 23(e), Fed. R. Civ. P.: (1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable.

Here, no evidence suggests that the parties did not fairly and honestly negotiate the settlement. Further, plaintiffs and their counsel believe that the settlement is fair and reasonable. The parties dispute the factual basis of plaintiff's claims, but this dispute does not undermine the fairness or reasonableness of the settlement. In particular, plaintiffs note that after discovery, the basis of the prevailing wage claim appeared tenuous. Accordingly, plaintiffs largely surrendered this weaker claim in return for a "top dollar settlement" on the stronger off-the-clock claim. Memorandum In Support Of Joint Motion To Approve Settlement Agreement (Doc. #107) filed May 16, 2016 at 11. Moreover, the value of immediate recovery would likely outweigh the mere possibility of recovery after protracted litigation.

In addition to these factors, the Court must also ensure that the settlement does not undermine the purpose of the FLSA to protect employees' rights from employers who generally wield superior bargaining power. Courts consider the following factors when determining whether

a settlement complies with FLSA policies: (1) presence of other employees situated similarly to plaintiff, (2) a likelihood that plaintiffs' circumstances will recur and (3) a history of FLSA non-compliance by defendant or others in defendant's industry. Dees v. Hydradry, Inc., 706 F. Supp.2d 1227, 1244 (M.D. Fla. 2010). The record reflects that the settlement is consistent with the purpose of the FLSA. The record does not indicate the presence of other employees situated similarly to plaintiffs. In addition, defendants have taken measures to correct glitches in their time stamp system which suggests that similar conduct is unlikely to recur. Finally, the record does not reflect a history of FLSA non-compliance by defendants or others in their industry.

The Court therefore finds that the settlement is fair and reasonable.

C.  Reasonable Attorney Fees

To determine whether the negotiated amount of attorney fees is reasonable, the Court must examine whether plaintiffs' counsel is adequately compensated and ensure that a conflict of interest does not taint the amount which plaintiffs receive under the agreement. See id. at 1243. Under the settlement agreement, plaintiffs receive a total of $147,500 to settle all claims, which includes $87,375 allocated among plaintiffs and $60,125 for attorney fees and expenses. The parties state that the attorney fees are reasonable, and the record contains no suggestion of a conflict of interest. For this reason and substantially the reasons stated in the Memorandum In Support Of Joint Motion To Approve Settlement Agreement (Doc. #107) at 18-28 and the Affidavit Of Phillip M. Murphy II (Doc. #107-2), the Court finds that the fee award should be approved.

**IT IS THEREFORE ORDERED** that the Renewed Unopposed Motion Of Rule 216(b) Plaintiffs For Leave To Be Joined In As Named Plaintiffs And Memorandum In Support Thereof (Doc. #105) filed May 16, 2016 is **SUSTAINED. The Clerk is directed to add Robert Jenkins,**

**Shelly McCullough, Rick McClanahan, Wayne Frazier, David Kimball, Scott Alan Cowan, Carlton Brackett, Duston Murdock, Jason Todd, Jonathan McBratney and Clayton Schratter as named plaintiffs.**

**IT IS FURTHER ORDERED** that the parties' Second Joint Motion To Approve FLSA Settlement Agreement (Doc. #106) filed May 16, 2016 is **SUSTAINED**. **On or before February 22, 2017, the parties shall submit a proposed order of dismissal with prejudice.**

Dated this 6th day of February, 2017 at Kansas City, Kansas.

                                        s/ Kathryn H. Vratil
                                        KATHRYN H. VRATIL
                                        United States District Judge